**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 1, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

In re: MARK A. KENDALL,

Debtor.

_____

JOLI A. LOFSTEDT, Chapter 7 Trustee,

Plaintiff - Appellee,

v.

JANET K. KENDALL; THE J.K.
FAMILY TRUST,

Defendants - Appellants.

No. 13-1224
(BAP No. CO-12-070)
(BAP)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **MATHESON**, Circuit Judges.

Janet K. Kendall and the J.K. Family Trust appeal from a decision of the

Bankruptcy Appellate Panel (BAP) affirming the bankruptcy court's order in favor of

---

[*]     After examining the briefs and appellate record, Appellants' motion requesting
oral argument, and Appellee's response to the motion for oral argument, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the trustee of the bankruptcy estate of debtor Mark A. Kendall. Exercising jurisdiction under 28 U.S.C. 158(d)(1), we affirm.

This appeal originates from the trustee's filing of an adversary proceeding against Janet Kendall (the debtor's wife) and the J.K. Family Trust (collectively, Defendants), alleging a coordinated effort by the debtor, his wife, and the trust to—actually and/or constructively—hinder, delay, and defraud the debtor's creditors. Invoking the United States Bankruptcy Code and Colorado's Uniform Fraudulent Transfers Act, the trustee sought to avoid and recover transfers of property and cash, totaling approximately $2.3 million.

The transfers were made within two years of date on which the debtor filed for bankruptcy—specifically: (1) the debtor's October 2008 transfer of the marital residence to his wife for no consideration (House Transfer); (2) the debtor's December 2008 transfer of $125,000 to his wife for no consideration (First Cash Transfer); and (3) a November 2009 transfer of $210,000 from Kendall Land Company (KLC), an entity controlled by the debtor, to Laskin Medical, LLC, an entity controlled by Janet Kendall (Laskin Transfer).[1] After these three transfers but before the debtor filed for bankruptcy in August 2010, Janet Kendall formed the

---

[1] KLC made the Laskin Transfer with funds from Kendall Printing Company (KPC), an entity controlled by the debtor. A promissory note classifying the Laskin Transfer as a loan from KLC to Laskin Medical, LLC, was issued but no payments were ever made.

J.K. Family Trust and conveyed both the marital residence and her ownership of Laskin Medical, LLC, to the trust.

Following a four-day trial, the bankruptcy court found that the trustee had shown, in part, seven out of the eleven badges of fraud, and held the three transfers actually fraudulent under 11 U.S.C. § 548(a)(1)(A) and Colo. Rev. Stat. § 38-8-105. In the alternative, the court held the three transfers constructively fraudulent under 11 U.S.C. § 548(a)(1)(B) and Colo. Rev. Stat. § 38-8-106. As to both holdings, the court emphasized the trustee's demonstration that the "transfers were made to insiders at a time when the Debtor was insolvent and his business was failing." *Schlosser v. Kendall (In re Kendall)*, ___ B.R.___, 2012 WL 3202689, at *9, *11 (Bankr. D. Colo. Aug. 6, 2012). The bankruptcy court ordered the subject transfers avoidable and held, under 11 U.S.C. § 550, that the trustee could recover the transferred property from Janet Kendall, Laskin Medical, LLC, and/or the trust.[2]

The bankruptcy court entered judgment in favor of the trustee. The BAP affirmed, *Lofstedt v. Kendall (In re Kendall)*, 491 B.R. 191, 2013 WL 1890660 (B.A.P. 10th Cir. May 7, 2013) (unpublished). Defendants appeal.

---

[2] *See In re Kendall*, 2012 WL 3202689, at *6, *11-12 (finding KLC and KPC to be alter egos of debtor, such that the three transfers were made by debtor or one of his alter egos; finding Laskin Medical, LLC, to be the alter ego of Janet Kendall, such that the Laskin Transfer constituted a transfer from debtor to his wife; finding Janet Kendall to be the beneficiary of the Laskin Transfer; and finding the trust to be the immediate transferee, under 11 U.S.C. § 550, of Janet Kendall and Laskin Medical, LLC).

Although this appeal is from a decision by the BAP, we review the bankruptcy court's decision only. *Mathai v. Warren (In re Warren)*, 512 F.3d 1241, 1248 (10th Cir. 2008) (internal quotation marks omitted). In doing so, "we treat the BAP as a subordinate appellate tribunal whose rulings are not entitled to any deference (although they certainly may be persuasive)." *Id.* "We review matters of law de novo, and with respect to factual findings (which are made only by the bankruptcy court, not the BAP), we review for clear error." *Id.* The "admission of expert testimony . . . is reviewed for an abuse of discretion." *United States v. Velarde*, 214 F.3d 1204, 1208 (10th Cir. 2000).

Defendants first assert that the bankruptcy court erred in "voiding" the Laskin Transfer because the initial transferee, Laskin Medical, LLC, was not a party to the proceeding and Defendants had no notice that the trustee sought to avoid the transfer. The bankruptcy court rejected this argument in a thorough order denying Defendants' motion to amend judgment, *Schlosser v. Kendall (In re Kendall)*, ___ B.R. ___, 2012 WL 3887159 (Bankr. D. Colo. Sept. 7, 2012), and Defendants abandoned the argument on appeal to the BAP. Thus, we need not consider it further. *See Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992) (declining to consider argument not raised on appeal to district court from bankruptcy court because trustee failed "to articulate a reason for [this court] to depart from the general rule that [it] does not consider an issue not passed upon below" (internal quotation marks omitted)).

- 4 -

Defendants next contend the bankruptcy court erred in avoiding the House Transfer as constructively fraudulent, challenging the bankruptcy court's findings that, as of October 2008, the debtor was insolvent, engaged in a business for which his remaining property was unreasonably small capital, and intended to incur, or believed he would incur, debts beyond his ability to pay. *See* Aplt. Opening Br. at 32-46. Defendants also assert the bankruptcy court erred in avoiding the House Transfer as actually fraudulent because "two of the badges of fraud relied upon by the bankruptcy court do not support a finding of actual fraud," *Id.* at 47. Finally, Defendants summarily assert the bankruptcy court erred in finding the First Cash Transfer constructively and actually fraudulent "[f]or the [same] reasons stated above," *id.* at 48.

The parties are familiar with the facts and procedural history of this case, and we need not restate either here. Having reviewed the briefs, the record, and the applicable law regarding the issues presented, we hold Defendants have failed to identify any reversible error in this case. We therefore affirm the bankruptcy court's judgment for substantially the same reasons stated in its exhaustive order. *See In re Kendall*, 2012 WL 3202689.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge